976 F.2d 734
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy LONGEWAY, Defendant-Appellant,
 No. 91-2343.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Timothy Longeway appeals from his conditional guilty plea to one count of conspiracy to possess with the intent to distribute marijuana plants pursuant to 21 U.S.C. §§ 841(a)(1) and 846, and his subsequent 188 month prison sentence.
 
 I. Facts:
 
 2
 On October 4, 1990, a thirteen count indictment was returned against the appellant, Timothy Longeway [Longeway]. Each of the counts related to the hydroponic growing of marijuana at various locations in the Detroit, Michigan, area. On November 26, 1990, the defendant filed a motion to dismiss the indictment or in the alternative, hold an evidentiary hearing or for other appropriate relief because of due process violations. This motion was denied without prejudice. On February 1, 1991, the defendant plead guilty to Count I of the indictment pursuant to Fed.R.Crim.P. 11(a)(2). Count I charged the defendant with conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.
 
 II. Alleged Due Process Error:
 
 3
 Longeway alleges that because the police had the power to determine his sentence by choosing between a state or federal forum his due process rights were violated. Under the facts as stipulated to by both parties, the state and local police agencies referred the case to the United States Attorney's Office for possible initiation of criminal charges. The decision for referral was based solely on the fact that the conduct charged was subject to more severe penalties under federal law than under Michigan law.
 
 
 4
 This Court recently addressed this issue in United States v. Allen, 954 F.2d 1160 (6th Cir.1990). In Allen, as in the present case, federal charges were brought subsequent to an investigation conducted solely by state enforcement officers. This type of referral is clearly permissible provided that it is not motivated based on the defendant's race, sex, religion, or exercise of a statutory or constitutional right. Allen, 954 F.2d at 1166. No claim of such an impermissible purpose has been raised, and in fact the parties stipulated to the absence of such. Therefore, based on this Court's recent affirmation of broad prosecutorial discretion absent "rubber stamping," the referral does not violate Longeway's due process rights. Id.
 
 III. Alleged Sentencing Error:
 
 5
 Longeway also argues that the District Court erred in failing to depart downward from the guidelines when sentencing. Again, this Court has specifically addressed the issue. In United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990), this Court held that a District Court's failure to depart is subject to very limited review. If the range was properly computed, the District Court was aware of its discretion to depart, and the sentence is not in violation of law or a result of incorrect application of the guidelines, then lack of departure is not an appealable issue. Id. This very reasoning was articulated again more recently in United States v. Chalkias; Gil; and Rodriguez, Nos. 91-3528/3783/3773 (6th Cir. July 30, 1992). "Where a sentence was within the applicable guideline range, it is appealable only upon the grounds that it was imposed in violation of the law, or that it was imposed as a result of an incorrect application of the sentencing guidelines." Id., slip op. at 22. Since neither of these circumstances is present, as in Chalkias, we will not review the District Court's decision to sentence within the applicable guideline range.
 
 IV. Conclusion:
 
 6
 For the foregoing reasons, the defendant's conviction and sentence is AFFIRMED in all respects.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation